IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COMPANION ANIMAL HOSPITAL, | ) | CASE NO. 1:21-CV-244 |
| | ) | |
| Plaintiff, | ) | JUDGE PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT'S ANSWER AND** |
| STOKES HEALTHCARE, INC. d/b/a | ) | **AFFIRMATIVE DEFENSES TO** |
| EPICUR PHARMA, | ) | **PLAINTIFF'S COMPLAINT** |
| | ) | |
| Defendant. | ) | |

**DEFENDANT STOKES HEALTHCARE, INC. d/b/a EPICUR PHARMA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, STOKES HEALTHCARE, INC. doing business as EPICUR PHARMA ("Epicur" or "Defendant"), by and through its counsel, JILLIAN L. DINEHART, ESQUIRE, DANIELLE M. VUGRINOVICH, ESQUIRE and MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, hereby files this ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT as follows:

**ANSWER TO INTRODUCTION**

Defendant denies the unnumbered paragraph identified in Plaintiff's Complaint as an introduction. The averments contained within this Paragraph are conclusions of law to which no response is required.

1. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required.

**ANSWER TO PARTIES**

2. Upon information and belief, admitted.

3. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required. Furthermore, after reasonable investigation, Defendant is without

information sufficient to form a belief as to the truth or falsity of the averments contained within this Paragraph.

4. Admitted.

5. Admitted. By way of further response, Epicur manufactures its own veterinary and human prescription medications and distributes its own veterinary and human prescription medications.

6. Denied. The averments contained within this Paragraph are conclusion of law to which no response is required. By way of further response, Epicur markets its products to veterinarians, veterinary clinic and veterinary hospitals.

## ANSWER TO JURISDICTION

7. Denied. The averments contained within this Paragraph are conclusion of law to which no response is required.

8. Denied. The averments contained within this Paragraph are conclusion of law to which no response is required.

## ANSWER TO FACTS

9. Denied. The averments contained within this Paragraph refer to a document that speaks for itself. Any interpretation is denied.

10. Denied. The averments contained within this Paragraph refer to a document that speaks for itself. Any interpretation is denied,

11. Denied. The averments contained within this Paragraph refer to a document that speaks for itself. Any interpretation is denied.

12. Denied. The averments contained within this Paragraph are conclusion of law to which no response is required.

13. Denied. The averments contained within this Paragraph are conclusion of law to which no response is required.

14. Denied.

15. Denied. The averments contained within this Paragraph are conclusion of law to which no response is required.

## ANSWER TO CLASS ALLEGATIONS

16. Denied. The averments contained within this Paragraph are conclusion of law to which no response is required.

17. Denied. The averments contained within this Paragraph are conclusion of law to which no response is required.

18. Denied. The averments contained within this Paragraph are conclusion of law to which no response is required.

19. Denied. The averments contained within this Paragraph are conclusion of law to which no response is required.

20. Denied. The averments contained within this Paragraph are conclusion of law to which no response is required.

21. Denied. The averments contained within this Paragraph are conclusion of law to which no response is required.

## ANSWER TO CAUSE OF ACTION
Violation of 47 U.S.C. §227
(On behalf of Plaintiffs and the Class)

22. Epicur incorporates its Answer and Affirmative Defenses as if set forth herein.

23. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required.

24. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required.

25. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required.

26. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required.

## ANSWER TO PRAYER FOR RELIEF

Denied. The averments contained within this Paragraph are conclusion of law to which no response is required.

## AFFIRMATIVE DEFENSES

Preliminary discovery and investigation has revealed that one or more of the following defenses are or may become available to Epicur in this matter. Accordingly, Epicur asserts these defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts so warrant, Epicur may withdraw any of these defenses as may be appropriate.

Epicur reserves the right to amend these affirmative defenses, including adding affirmative defenses, as additional information is obtained through discovery and/or otherwise.

### First Affirmative Defense

Plaintiff failed to state a claim for relief under the TCPA for which this Honorable Court might grant relief.

### Second Affirmative Defense

Any violation of the law or damage suffered by Plaintiff (which Epicur denies) was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to a claim for damages against Epicur.

### Third Affirmative Defense

In the event that Plaintiff is able to establish that Epicur violated the TCPA (which it denies), Plaintiff's entitlement to statutory damages is capped at $500.00 per action since any violation was not willing or knowing.

### Fourth Affirmative Defense

Plaintiff failed to mitigate its damages.

### Fifth Affirmative Defense

Plaintiff has not suffered any injury in fact and, therefore, lacks the standing required to proceed with this action.

### Sixth Affirmative Defense

Epicur's conduct with respect to Plaintiff did not violate the TCPA.  Therefore, Epicur affirmatively states that Plaintiff's claim(s) against it pursuant to the TCPA lack any degree of viability whereby all claims against Epicur should be dismissed.

### Seventh Affirmative Defense

Epicur included a clear, conspicuous opt-out notice on the first page of each and every facsimile sent on Epicur's behalf to Plaintiff including a domestic contact telephone number and facsimile number, each accessible 24-hours a day, 7 days a week, where Plaintiff would not incur any long distance charges for calls made to the numbers.

### Eighth Affirmative Defense

Epicur asserts that this suit may not be properly maintained as a class action because: (1) Plaintiff has failed to plead and cannot establish the necessary procedural elements for class treatment; (2) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; (3) individual issues of fact predominate; (4) Plaintiff's claims are not representative or typical of the putative class; (5) Plaintiff is not an adequate

representative for the alleged putative class; and (6) Plaintiff cannot satisfy any of the requirements for class action treatment.

### Ninth Affirmative Defense

Epicur asserts that Plaintiff's Class Action Complaint fails as a matter of law because individual questions of fact will predominate with respect to the putative class, as Plaintiff will need to establish that each class member did not provide Epicur with consent to receive the facsimiles which are the subject of this Complaint as well as the nature of whether or not the parties have an established business relationship with Plaintiff. Accordingly, these two issues would need to be determined on a case by case basis, and, thus class certification is inappropriate.

### Tenth Affirmative Defense

A putative class action lawsuit was filed in the Southern District of Florida entitled *Pet Parade, Inc. v. Stokes Healthcare, Inc., a foreign company, doing business as Epicur Pharma,* at docket number 1:20-CV-24279 on October 19, 2020. The putative class definition encompasses Plaintiff's putative class definition excluding the following time frame: the date of the filing of *Pet Parade*, which was October 19, 2020, to the date of the filing of the above-referenced action, which was January 4, 2021.

WHEREFORE, Defendant, STOKES HEALTHCARE, INC. doing business as EPICUR PHARMA, denies any liability in this action and demands judgment in its favor.

Respectfully submitted,
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By: */s/ Jillian L. Dinehart*
JILLIAN L. DINEHART (0086993)
127 Public Square, Suite 3510
Cleveland, Ohio 44114
Phone: 216.912.3800 / Fax: 216.912.3801
jldinehart@mdwcg.com
*Counsel for Defendant*

6

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2021, a copy of the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** was filed electronically. A copy of this filing will be sent to all parties by operation of the Court's electronic filing system and via electronic mail.

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN


By: */s/ Jillian L. Dinehart*
JILLIAN L. DINEHART (0086993)
127 Public Square, Suite 3510
Cleveland, Ohio 44114
Phone: 216.912.3800 / Fax: 216.912.3801
jldinehart@mdwcg.com
*Counsel for Defendant*